IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RICHARD C. ELINE,         )   CIVIL NO. 14-00508 HG-RLP
                               )
        Plaintiff,   )   FINDINGS AND RECOMMENDATION THAT
                               )   THE DISTRICT COURT DISMISS THE
        vs.           )   COMPLAINT WITH LEAVE TO AMEND,
                               )   DENY PLAINTIFF'S MOTION TO
DUSTIN HART; RICHARD VAN  )   APPOINT COUNSEL, AND DENY
LEAR; ANTHONY KELLY; JOHN DOE )   PLAINTIFF'S APPLICATION TO
1-15; JANE DOE 1-15,      )   PROCEED WITHOUT PREPAYING FEES
                               )
        Defendants.  )
_____ )

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS THE COMPLAINT WITH LEAVE TO AMEND, DENY
PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND DENY
<u>PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES</u>[1]

Before the Court is Plaintiff Richard C. Eline's Motion

to Appoint Counsel, filed on November 10, 2014, and Application

to Proceed in District Court Without Prepaying Fees or Costs,

filed on November 17, 2014. ECF Nos. 2, 6. As discussed below,

the Court FINDS AND RECOMMENDS that the district court DISMISS

this action without prejudice, DENY Plaintiff's Motion to Appoint

Counsel, and DENY Plaintiff's Application.

<u>BACKGROUND</u>

Plaintiff's Complaint is titled "Civil Rights Lawsuit."

<u>See</u> ECF No. 1. In his Complaint, Plaintiff alleges that he was

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court. A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation. If no
objections are filed, no appellate review will be allowed.

denied access to the computers in the library of Heald College because of Plaintiff's "alleged violation of a contract." ECF No. 1 at 2. Plaintiff alleges that he did not sign and does not know about any contract. Id. Plaintiff alleges that Defendant Hart, head of the Heald College library, and Defendant Kelly had Plaintiff suspended because they did not want to deal with Plaintiff for another two years. Id. Plaintiff alleges that Defendant Van Lear, the president of Heald College, approved Plaintiff's suspension. Id.

DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. <u>See</u> <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. <u>Hearns</u>, 530 F.3d at 1131 (quoting <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969)). Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings. <u>See</u> <u>Bernhardt v. L.A. Cnty.</u>, 339 F.3d 920, 925 (9th Cir. 2003).

## I. Plaintiff's Complaint

The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state a claim. Although Plaintiff does not specify the authority under which he seeks relief, the Court construes his "civil rights lawsuit" as a claim under 42 U.S.C. § 1983. "Section 1983 imposes two essential proof requirements upon a claimant: 1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States." <u>Leer v. Murphy</u>, 844

3

F.2d 628, 632–33 (9th Cir. 1988).

Here, Plaintiff's Complaint fails to meet either requirement. First, Plaintiff does not allege that any Defendant acted under color of state law. Generally, Section 1983 applies to government officials and employees. However, a private person may act under "color of law" when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (internal citation omitted). Plaintiff does not allege any facts to show that Defendants were exercising power possessed by virtue of state law or were acting under the authority of state law. Second, Plaintiff's claim fails because he does not allege that he suffered the deprivation of any constitutional or statutory right. Accordingly, Plaintiff's Complaint fails to state a claim under Section 1983.

Plaintiff's Complaint also references Title 18 of the United State Code, which is the federal criminal and penal code. See ECF No. 1 at 3. To the extent Plaintiff is attempting to assert violations of any criminal statutes, a civil complaint cannot state a claim for violation of a criminal statute. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is

4

entitled to notice of the complaint's deficiencies and an opportunity to amend." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995); <u>see</u> <u>also</u> <u>Lopez</u>, 203 F.3d at 1126.  Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.  If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference. <u>See</u> Local Rule 10.3.

## II.  Plaintiff's Motion to Appoint Counsel

A court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) only under "exceptional circumstances," taking into account the "likelihood of success on the merits" and the "ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations and quotations omitted).  As detailed above, Plaintiff has failed to state a claim, which weighs against an appointment of counsel.  The only reason for appointment of counsel given in Plaintiff's Motion is that Plaintiff does not have the time or wish to prosecute this

matter.  <u>See</u> ECF No. 2 at 1.  Neither of these reasons present an extraordinary circumstance to appoint counsel.  The Court RECOMMENDS that Plaintiff's Motion to Appoint Counsel be DENIED.

### III.  Plaintiff's Application

Because the Court finds that the Complaint is deficient, the Court also RECOMMENDS that Plaintiff's Application be DENIED and that Plaintiff be given leave to file another Application if he chooses to file an amended complaint.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) DISMISS Plaintiff's Complaint with leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

2) DENY Plaintiff's Motion to Appoint Counsel; and

3) DENY Plaintiff's Application with leave to file another Application if he chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 19, 2014.



Richard L. Puglisi
United States Magistrate Judge

**ELINE V. HART, ET AL.**; CIVIL NO. 14-00508 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND, DENY PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES