IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
RICHARD C. ELINE,              )  CIV. NO. 14-00508 HG-RLP
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
DUSTIN HART; RICHARD VAN LEAR; )
ANTHONY KELLY; JOHN DOE 1-15;  )
JANE DOE 1-15,                 )
                               )
          Defendants.          )
_____ )
```

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND, DENY PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES (ECF No. 9)**

**and**

**DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 10)**

On November 10, 2014, Plaintiff Richard C. Eline, proceeding pro se, filed a Complaint against Defendants Dustin Hart, Richard Van Lear, and Anthony Kelly.  (ECF No. 1).

On the same date, Plaintiff filed a MOTION TO APPOINT COUNSEL.  (ECF No. 2).

On November 17, 2014, Plaintiff filed an APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 6).

On November 19, 2014, the Magistrate Judge issued

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND, DENY PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES. (ECF No. 9).

On November 24, 2014, Plaintiff filed OBJECTIONS TO FINDINGS AND RECOMMENDATIONS. (ECF No. 10).

## STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit a findings and recommendation to the district court judge. Any party may object to a magistrate judge's findings and recommendation, pursuant to District of Hawaii Local Rule 74.2.

The district court judge shall make a de novo determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1)(c); <u>Dawson v. Marshall</u>, 561 F.3d 930, 933 (9th Cir. 2009).

## ANALYSIS

Plaintiff objects to the Magistrate Judge's Findings and Recommendation (ECF No. 9). Plaintiff disputes the Magistrate Judge's finding that he failed to state a claim pursuant to 42 U.S.C. § 1983. Plaintiff also objects to the Magistrate Judge's recommendation to deny his requests for the appointment of counsel and to proceed without prepayment of fees.

I. **Dismiss Complaint with Leave to Amend**

The reasons stated in the Magistrate Judge's Findings and Recommendation as to the dismissal of Plaintiff's Complaint with leave to amend are sound.

Plaintiff titled his Complaint: "Civil Rights Lawsuit". (ECF No. 1). The Complaint contains allegations that in October 2014, Plaintiff was denied access to the computers in the Heald College library and was later suspended from the College. (ECF No. 1).

The Magistrate Judge construed Plaintiff's Complaint as attempting to state a claim pursuant to 42 U.S.C. § 1983. The Magistrate Judge found that the Complaint did not provide sufficient allegations to state a claim. The Magistrate Judge recommended granting Plaintiff leave to amend his Complaint to permit him the opportunity to include sufficient allegations

3

to state a Section 1983 claim.

In his Objections, Plaintiff states: "Magistrate has elevated private person(s) to capacity which does not exist discrimination is the same for govt employee as to private citizen pretending to be a teacher." (Objections at p. 2, ECF No. 10). Plaintiff's objection to the recommendation to dismiss his Complaint with leave to amend misinterprets the Magistrate Judge's findings.

The Magistrate Judge explained in the Findings and Recommendation that Section 1983 generally applies to government officials and employees but may apply to a private person acting under color of state law. A plaintiff must allege two elements to state a Section 1983 claim: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Neither of the two elements required to state a Section 1983 claim is alleged in Plaintiff's Complaint.

The Findings and Recommendation that the District Court Dismiss the Complaint with Leave to Amend is **ADOPTED**.

The finding that Plaintiff's Complaint does not state a claim also supports the Magistrate Judge's recommendation to

deny Plaintiff's requests for the appointment of counsel and to proceed without prepayment of fees.

**II. Appointment of Counsel**

The Court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) only under "exceptional circumstances." Exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate claims pro se given the complexity of the legal issues involved. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Magistrate Judge properly found that Plaintiff has not stated a claim, so Plaintiff has not demonstrated a likelihood of success on the merits.

Plaintiff believes his inability to state a claim supports his request for the appointment of counsel. Plaintiff ignores the requirement that he demonstrate a likelihood of success on the merits in order to establish extraordinary circumstances that warrant the appointment of counsel.

Plaintiff's Objections do not contain any additional information that would support his request for the appointment of counsel.

5

The Findings and Recommendation that the District Court Deny Plaintiff's Motion to Appoint Counsel is **ADOPTED**.

**III.     Proceeding Without Prepayment of Fees**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Magistrate Judge recommended denying Plaintiff's request to proceed without prepayment of fees because of the deficiencies in his Complaint.  The Magistrate Judge recommended Plaintiff be given leave to file another Application to Proceed without Prepaying Fees if he files a First Amended Complaint.

Plaintiff's failure to state a claim in his Complaint prohibited the Magistrate Judge from granting his application to proceed without prepayment of fees.  Lopez, 203 F.3d at

6

1127. Plaintiff has not pointed to any error in the Magistrate Judge's findings and recommendation as to the denial of the application to proceed without prepayment of fees.

The Findings and Recommendation that the District Court Deny Plaintiff's Application to Proceed without Prepayment of Fees is **ADOPTED**.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.2, the "Findings and Recommendation that the District Court Dismiss the Complaint with Leave to Amend, Deny Plaintiff's Motion to Appoint Counsel, and Deny Plaintiff's Application to Proceed without Prepayment of Fees" (ECF No. 9) is **ADOPTED AS THE OPINION AND ORDER OF THIS COURT**.

The Objections do not contain any information that requires a change in the Findings and Recommendation of the Magistrate Judge.

Plaintiff's Objections to the Magistrate Judge's Findings and Recommendation (ECF No. 10) are **DENIED**.

Plaintiff may file a First Amended Complaint by January 30, 2015. The Amended Complaint must conform to the rulings contained in this Order Adopting the Magistrate Judge's

Findings and Recommendation.  Failure to file an Amended Complaint consistent with this Order by January 30, 2015, will result in dismissal of the entire matter.

IT IS SO ORDERED.

DATED: December 18, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Richard C. Eline v. Dustin Hart; Richard Van Lear; Anthony Kelly; John Doe 1-15; Jane Doe 1-15, Civ. No. 14-00508 HG-RLP; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND, DENY PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES (ECF No. 9) and DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 10)**